Alex M. Weingarten (SBN 204410)
AWeingarten@willkie.com
Amy M. Stern (SBN 311382)
AStern@willkie.com
Jeffrey K. Logan (SBN 136962)
JLogan@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East
Los Angeles, CA 90067
Telephone: (310) 855-3000
Facsimile: (310) 855-3099

Attorneys for Plaintiff
6666 BRAND, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

6666 BRAND, LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

HOMESTEAD LIBATIONS, LLC, a Georgia Limited Liability Company; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 26-cv-11454

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**
**(2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A));**
**(3) VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d));**
**(4) BREACH OF CONTRACT;**
**(5) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200;**
**(6) COMMON LAW TRADEMARK INFRINGEMENT;**
**(7) COMMON LAW UNFAIR COMPETITION;**
**(8) VIOLATION OF STATUTORY RIGHT OF PUBLICITY; AND**
**(9) VIOLATION OF COMMON LAW RIGHT TO PUBLICITY**

**<u>DEMAND FOR JURY TRIAL</u>**



WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

Plaintiff 6666 Brand, LLC ("6666 Brand") hereby alleges against Defendants Homestead Libations, LLC and Does 1-10 (collectively, "Homestead") the following:

## NATURE OF ACTION

1. This action arises from Homestead's willful breach of a trademark license agreement and its ongoing infringement of 6666 Brand's recognizable and well-respected "6666" and "Four Sixes" trademarks rooted in the storied history of the Four Sixes Ranch in Texas. Founded by Captain Samuel "Burk" Burnett in 1870 when he purchased 100 head of cattle wearing the "6666" brand from Frank Crowley of Denton, Texas, Four Sixes Ranch (also known as Burnett Ranch) today encompasses 260,000 acres.

2. In or around 2021, the Burnett family sold the legendary Four Sixes Ranch to an ownership group including Taylor Sheridan ("Sheridan"), a Texas native and celebrated screenwriter, director, and actor who created, among many other works, the hit television franchise *Yellowstone*. Sheridan and others purchased the ranch with the intention of honoring the Burnett Family's vision by maintaining it as an operating cattle ranch. The new owners also set out to bring the same grit, values, and aesthetic that have defined Four Sixes Ranch to various products under a shared brand.

3. Under the stewardship of Sheridan and others, Four Sixes Ranch continues to shape the future of ranching and Western lifestyle through innovation, integrity, and a commitment to excellence. And, through 6666 Brand – the limited liability company which owns the intellectual property associated with the ranch – Four Sixes Ranch has participated in collaborations that have made it a household name. Indeed, Four Sixes Ranch's high-quality brand has gained significant attention thanks to partnerships with, among other popular and successful businesses, Airstream, Stetson, Honda, Sazerac, and Big Country Toys.

4. Given the care and attention 6666 Brand put into building the Four Sixes brand, it is no surprise that a self-described "leading" beverage innovation company took notice. In or around 2021, beverage incubator L.A. Libations, LLC ("L.A. Libations") proposed that 6666 Brand lend Four Sixes Ranch's valuable name to a line of beers, ranch waters, and ready-to-drink mixed cocktails. 6666 Brand trusted L.A. Libations to maintain the sterling reputation associated with its businesses and intellectual property, and the Homestead entity was born out of the partnership.

5. In 2022, in furtherance of the collaboration, 6666 Brand officially licensed its "6666" and "FOUR SIXES" trademarks, as well as its Four Sixes design mark (*i.e.*, "6666") to Homestead to be used solely with Homestead's trademark "GRIT & GLORY." Together, they formed the co-brand trademarks "6666 GRIT & GLORY" and "FOUR SIXES GRIT & GLORY" (collectively referred to herein as the "Co-Brand Marks") that would be prominently portrayed on every beverage can, six pack, social media page, and press release, along with other advertising and promotional content. In return, 6666 Brand would be entitled to, *inter alia*, a guaranteed minimum royalty for each year of the parties' agreement.

6. As part of the collaboration, Homestead was also permitted to use the name, image, and likeness of Sheridan (one of the best storytellers of the American West and a real-life cowboy) on marketing and promotional materials due to the significant value and credibility it would bring to the beverage line. Sheridan does not take any business's use of his name, image, and likeness lightly, as it inevitably reflects on Four Sixes Ranch. Sheridan takes his responsibility to protect the ranch seriously and in fact shut the door on a highly anticipated *6666* spin-off of *Yellowstone* because he felt it would trivialize the hardworking people who have dedicated their lives to the ranch.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

7. Unsurprisingly, Homestead made the most of their opportunity to use Sheridan's name, image, and likeness – splashing Sheridan's image across the beverage line's website.

8. Although 6666 Brand held out every hope that the line of beverages would be a success, Homestead was floundering behind the scenes. Unbeknownst to 6666 Brand, Homestead was racking up debts it could not pay while promising 6666 Brand that investor funding was on its way at the same time.

9. Ultimately, 6666 Brand had no choice but to accept the reality that Homestead would never be able to make the beverage line worthy of the Four Sixes name. After putting Homestead on notice of its breaches of the license agreement, including the multiple guaranteed minimum royalty payments Homestead had failed to pay, 6666 Brand terminated the license agreement in March 2026.

10. Although Homestead's use of 6666 Brand's trademarks and Sheridan's name, image, and likeness should have immediately ceased upon termination of the license agreement, Homestead has continued to exploit and profit off of 6666 Brand's trademarks as well as Sheridan's name, image, and likeness. Indeed, the website domain https://6666gritandglory.com and social media pages featuring the Co-Brand Marks are still in use, as are the images of Sheridan. And, the products featuring the Co-Brand Marks are still for sale online and in stores.

11. Enough is enough. 6666 Brand must put an end to the ongoing reputational harm caused by Homestead's flagrant misuse of 6666 Brand's intellectual property and Sheridan's name, image, and likeness.

**THE PARTIES**

12. 6666 Brand is a Delaware limited liability company with its principal place of business in Weatherford, Texas. 6666 Brand holds all rights to assert

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

claims arising from the unauthorized use of Sheridan's name, image, and likeness by Homestead by virtue of a valid assignment.

13. Homestead is a Georgia limited liability company with its principal place of business in Sandy Springs, Georgia.

14. The true names and capacities of DOES 1 through 10 are presently unknown to 6666 Brand. Therefore, 6666 Brand sues DOES 1 through 10 by such fictitious names. 6666 Brand will amend this Complaint to allege the true names and capacities of DOES 1 through 10, inclusive, when that information has been ascertained. Each Doe Defendant is legally responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338 as this case involves questions of federal trademark law under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. Additionally, this Court has supplemental jurisdiction over any claims alleged herein arising under state law pursuant to 28 U.S.C. § 1367.

16. This Court has personal jurisdiction over Homestead because it conducts business in California, has purposefully directed its activities toward California, and because the License Agreement effective as of May 1, 2022 ("License Agreement") between 6666 Brand and Homestead requires that any claims arising under it must be prosecuted in either federal or state court in Los Angeles, California. Both parties have explicitly consented to the jurisdiction of this Court by signing the License Agreement.

17. Similarly, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the causes of action arose in part in this judicial district, Homestead conducts business therein, and because the parties have consented to the jurisdiction of this Court.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

## **GENERAL ALLEGATIONS**

### **I. 6666 Brand's Trademark Ownership**

18. 6666 Brand is the owner of the "6666" mark and the following active, federal registrations for the "6666" mark: U.S. Registration Nos. 1,910,330 (Livestock/Veterinary Services); 4,845,271 (Apparel/Veterinary Services); 6,281,168 (Knives, Lighting, Paper Goods, Leather Goods, Housewares, Apparel, Sporting Goods, Tobacco Products, Retail Services); 6,474,458 (Grooming Products, Candles, Knives, Eyewear, Jewelry, Paper Goods, Leather Goods, Furniture, Housewares, Textiles, Apparel); 7,690,206 (Animal Feed/Supplements); 7,950,832 (Alcoholic Beverages/Spirits); 7,977,204 (Beef/Meat); and 8,254,121 (Supplements).

19. 6666 Brand is also the owner of the "FOUR SIXES" mark and the following active, federal registrations for the "FOUR SIXES" mark: U.S. Registration Nos. 6,474,539 (Grooming Products, Candles, Knives, Eyewear, Lighting, Jewelry, Paper Goods, Leather Goods, Furniture, Housewares, Textiles, Apparel, Sporting Goods, Tobacco Products); 6,885,381 (Apparel/Retail Services); 7,690,208 (Animal Feed/Supplements); 7,755,525 (Beef/Meat); 7,977,202 (Alcoholic Beverages/Spirits); and 8,254,123 (Supplements).

20. 6666 Brand is the owner of the design mark featuring four open sixes (*i.e.*, "6666") and the following active, federal registrations for such marks: U.S. Registration Nos. 7,755,527 (Beef/Meat); 7,690,207 (Animal Feed/Supplements); 7,977,203 (Alcoholic Beverages/Spirits); and 8,254,122 (Supplements).

21. 6666 Brand registered the majority of the trademarks referenced above in Paragraphs 18-20 (collectively, the "6666 Marks"), with the rights in the following trademarks having been assigned to 6666 Brand and recorded with the U.S. Patent and Trademark Office under Recordation No. 900671705 on January 24, 2022: 1,910,330; 4,845,271; 6,281,168; 6,474,458; and 6,474,539. The 6666 Marks are inherently distinctive and enjoy strong consumer recognition. 6666

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

Brand has invested substantial time and resources in developing, promoting, and protecting these marks, which have significant goodwill and brand equity. Indeed, the 6666 Marks are actively in use in connection with multiple classifications of goods and services, including, *inter alia*, apparel, candles, keychains, hats, coolers, knives and other accessories and home goods.

22. The website of the Four Sixes Ranch also prominently features the 6666 Marks to promote and sell its goods and services, including, *inter alia*, in connection with its cattle and horses branded with one of the 6666 Marks and on product packaging for Four Sixes Ranch Beef, Four Sixes Seasonings and Sauces, and Four Sixes Equine Supplements.

23. 6666 Brand, working with its partners, has carefully cultivated particular products and branding over many years that reflect its values, aesthetic, and brand. For example, 6666 Brand has established partnerships and sponsorships with prominent companies such as:

a. Airstream and Stetson, in order to create a luxury travel trailer;

b. Big Country Toys, in order to create a line of ranch and Western-themed toys;

c. Honda, in sponsorship of its Pioneer side-by-sides, FourTrax ATVs, and Honda Power Equipment; and

d. Sazerac, in order to create a collaborative line of blended whiskeys as well as vodka.

## II. <u>6666 Brand Licenses the Marks to Homestead</u>

24. The beverage line developed by Homestead was the brainchild of individuals associated with L.A. Libations, a California limited liability company.

25. On information and belief, L.A. Libations was founded in 2009 by former employees of The Coca-Cola Company. L.A. Libations holds itself out as the “preeminent entrepreneurial beverage company in North America” and claims to be the “Emerging Brand Category Captain” at major retailers, including

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

Walmart, Kroger, 7-Eleven, and Walgreens.

26. In proposing a deal with 6666 Brand, L.A. Libations touted its track record, including its relationship with heavy-hitting distributors and the acquisition of many of its brands by the biggest companies in the beverage industry.

27. Believing L.A. Libations would be a credible, well-capitalized, and capable business partner based on its representations, 6666 Brand agreed to lend its name to a beverage line.

28. Homestead was subsequently formed as the entity under which the beverage line would be operated.

29. On or about April 28, 2022, 6666 Brand and Homestead entered into the License Agreement.

30. As referenced above, the License Agreement granted Homestead a non-exclusive license to use the 6666 Marks in connection with the manufacture, marketing, distribution, and sale of spirit-based seltzers, malt-based seltzers, wine-based seltzers, and craft beer (the "Products") on a worldwide basis.

31. On information and belief, at or around the same time that the License Agreement was executed, Homestead began using Sheridan's name, image, and likeness in the hope that his association with the Products would contribute to the success of the business.

32. After the License Agreement was executed, Homestead was eager to exploit its collaboration with 6666 Brand and Sheridan. In or around September 2022, Homestead announced the roll-out of the Products by featuring *Yellowstone* and Sheridan's name front and center. In its fundraising efforts, Homestead even offered early investors the opportunity to receive their own "Yellowstone party pack" to host a *Yellowstone* season 5 watch party.

## III. Homestead Materially Breaches, and 6666 Brand Properly Terminates, the License Agreement

33. Although 6666 Brand believed that L.A. Libations had the track

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

record to continue the brand's legacy of success, evidently it trusted the wrong partner. On information and belief, Homestead drastically mismanaged the business. Among other failings, Homestead failed to pay 6666 Brand the guaranteed minimum royalty it was owed under the License Agreement since on or about May 1, 2023. The outstanding amount has continued to accrue in accordance with the schedule dictated by the License Agreement.

34. On April 4, 2025, 6666 Brand sent Homestead a notice stating that it materially breached the License Agreement by failing to pay the royalty and that failure to cure the breach would result in 6666 Brand pursuing all available legal remedies, including, but not limited to, termination of the License Agreement ("Breach Notice").

35. Instead of paying the amounts owed, Homestead made excuses. Specifically, weeks after receiving the Breach Notice, Homestead informed 6666 Brand that it was imminently expecting a substantial investment and that its outstanding royalty payments to 6666 Brand would quickly be paid with those funds.

36. Over nearly the next year, Homestead communicated a series of updates regarding the purported financing, including references to executed term sheets, ongoing due diligence, and anticipated closing dates. With each update, Homestead's advertised date for the receipt of funds continued to be pushed back further, and each date passed without 6666 Brand receiving any money.

37. 6666 Brand, having no reason to question Homestead's representations and hoping that the collaboration could still be successful, continued the parties' business relationship and held off on exercising the various legal rights to which it was entitled and of which it had already informed Homestead.

38. Ultimately, 6666 Brand could not wait any longer for Homestead's promises to come to fruition. 6666 Brand sent Homestead a notice of termination

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

(the "Termination Notice") on March 17, 2026 informing Homestead that, *inter alia*, the License Agreement was terminated effective immediately and that Homestead must cease any and all use of the 6666 Marks it had been licensed.

39. By the time of 6666 Brand's termination, Homestead had breached the License Agreement in myriad material ways, including, *inter alia*:

a. Failing to meet minimum net sales thresholds under the License Agreement;

b. Failing to provide quarterly sales statements in accordance with the License Agreement;

c. Failing to cease sales of the Products following 6666 Brand's termination of the License Agreement; and

d. Failing to obtain the insurance required under the License Agreement.

40. In addition to losing its rights to use the 6666 Marks in connection with the termination of the License Agreement, Homestead lost any right it had to use Sheridan's name, image, and likeness in the promotion and marketing of its Products.

## IV. <u>Homestead Knowingly and Willfully Infringes on the 6666 Marks and Continues Its Use of Sheridan's Name, Likeness, and Image</u>

41. Despite the Termination Notice, Homestead has continued – and as of the filing of this Complaint continues – to willfully, deliberately, and in bad faith use the 6666 Marks and Sheridan's name, image, and likeness without any consent or authorization.

42. The website that, on information and belief, Homestead began operating as of the execution of the License Agreement to market, promote, and sell the Products with the domain name "6666gritandglory.com" remains active and continues to market, promote, and at least purport to sell beverages using the "6666," "Four Sixes," and "Grit & Glory" marks. Additionally, the site displays

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

the 6666 Marks on nearly every page. Even the site's terms of service purport to extend Homestead's ownership over the 6666 Marks, as the site makes claim to all its content as the exclusive property of Grit & Glory Brewing Co.

43. Sheridan's image also remains on Homestead's website and various marketing materials for the Products. On information and belief, Homestead has taken no steps to remove Sheridan's name, image, or likeness from any of its marketing or promotional materials.

**FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement, 15 U.S.C. § 1114)**

44. 6666 Brand re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 43 as though fully set forth herein.

45. 6666 Brand is the owner of the 6666 Marks and the U.S. Trademark Registrations for such Marks, namely U.S. Trademark Registration Nos. 1,910,330; 4,845,271; 6,281,168; 6,474,458; 7,690,206; 7,950,832; 7,977,204; and 8,254,121 for the "6666" trademark; U.S. Registration Nos. 6,474,539; 6,885,381; 7,690,208; 7,755,525; 7,977,202; and 8,254,123 for the "FOUR SIXES" trademark; and U.S. Registration Nos. 7,755,527; 7,690,207; 7,977,203; and 8,254,122 for the Four Sixes design mark. True and correct copies of the registration certificates for the above-referenced registrations are attached hereto as Exhibit A and incorporated herein by this reference.

46. 6666 Brand's 6666 Marks are inherently distinctive, and the strength and distinctiveness of these marks are further buttressed by their widespread secondary meaning in the marketplace. 6666 Brand has marketed, promoted, advertised, and sold goods and services under its 6666 Marks through multiple channels including online via the Internet, retail outlets located and operating in states where the Products are marketed and sold, and other channels of commerce. The 6666 Marks have also been the subject of significant promotion and media attention which add to the strength and distinctiveness of the 6666 Marks. The

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

prominent use of the 6666 Marks signals to consumers that the goods or services advertised and sold under the 6666 Marks come from the same source.

47. 6666 Brand terminated the License Agreement via the Termination Notice. Upon termination, Homestead's right to commercially use any of the 6666 Marks for any purpose ceased immediately.

48. Notwithstanding the termination, Homestead has continued to use the 6666 Marks without authorization and has thereby infringed the 6666 Marks. This conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Homestead with 6666 Brand, or as to the origin, sponsorship, or approval of Homestead's goods and/or services by 6666 Brand. Homestead's conduct is likely to induce consumers to believe, contrary to fact, that its beverages and associated media (including but not limited to Homestead's 6666gritandglory.com website, social media, and advertising) bearing the "6666," "FOUR SIXES," or Four Sixes design trademarks are sponsored, endorsed, approved by, or connected with 6666 Brand.

49. Homestead's conduct is without 6666 Brand's permission or authority. Homestead had actual knowledge of 6666 Brand's prior and senior rights in the 6666 Marks given that Homestead entered into the License Agreement on or about April 28, 2022. The Termination Notice provided Homestead with actual knowledge that it no longer possessed any right to use or exploit any of the 6666 Marks in any manner. On information and belief, Homestead was aware that 6666 Brand used marks similar or identical to the 6666 Marks in connection with the promotion and sale of its goods and/or services and in connection with other goods and/or services in the same or similar channels of commerce as well as locations where Homestead's goods and/or services are offered and sold. Consequently, Homestead has committed infringement with full knowledge of 6666 Brand's trademark rights. Homestead willfully, deliberately, and maliciously

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

engaged in the described acts with an intent to injure 6666 Brand and to deceive the public.

50. Homestead's use of the 6666 Marks without authority from 6666 Brand in connection with and to identify its Products and services constitutes trademark infringement in violation of 15 U.S.C. § 1114. Upon information and belief, Homestead has profited from this infringement.

51. Homestead's conduct has caused damage to 6666 Brand in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the 6666 Marks, for which there is no adequate remedy at law.

52. 6666 Brand is entitled to, among other relief, injunctive relief and an award of actual damages, Homestead's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION

**(Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))**

53. 6666 Brand re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 52 as though fully set forth herein (as well as any other Paragraphs pertinent to this cause of action).

54. Homestead's unauthorized use in commerce of the 6666 Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Homestead's products, and is likely to cause consumers to believe, contrary to fact, that Homestead's products are sold, authorized, endorsed, or sponsored by 6666 Brand, or that Homestead is in some way affiliated with or sponsored by 6666 Brand.

55. Homestead's conduct with respect to the 6666 Marks constitutes use

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

in commerce of false designation of origin in connection with the sale and advertising of its products. Such conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Homestead with 6666 Brand, and as to the origin, sponsorship, or approval of Homestead's goods or services, in violation of 15 U.S.C. § 1125(a).

56. Homestead's continued use of the 6666 Marks without permission or authorization has occurred despite Homestead's actual knowledge of 6666 Brand's prior rights and ownership in the 6666 Marks. Thus, Homestead willfully, deliberately, and maliciously engaged in unfair competition with an intent to injure 6666 Brand and to deceive the public.

57. As a result of Homestead's improper activities, 6666 Brand has suffered and will continue to suffer substantial injury, including irreparable injury to its reputation and business, unless Homestead is enjoined.

58. Homestead's improper activities, as set forth above, have been willful and deliberate, thereby making this an exceptional case under the Lanham Act and warranting attorneys' fees and damages not exceeding three times the amount of actual damages. 15 U.S.C. § 1117(a)(3).

## THIRD CAUSE OF ACTION

**(Violation Of The Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))**

59. 6666 Brand re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 58 as though fully set forth herein (as well as any other Paragraphs pertinent to this cause of action).

60. Homestead is wrongfully operating and exercising control of "6666gritandglory.com," a website domain that 6666 Brand alleges, on information and belief, was registered by Homestead for the purpose of marketing, promoting and selling the Products contemplated under the License Agreement.

61. This website domain name deliberately begins with "6666" to denote

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

the aforementioned beverages as being associated with 6666 Brand and is therefore confusingly similar to the 6666 Marks owned by 6666 Brand.

62. Homestead's continued exercise of control over the "6666gritandglory.com" domain after the Termination Notice is wrongful, and Homestead has actual knowledge of its wrongfulness since receiving the Termination Notice, which rescinded Homestead's ability to make any use of any of the 6666 Marks for any purpose whatsoever. Thus, Homestead's continued wrongful operation of the identified website domain is plainly in bad faith given that: (a) Homestead has no intellectual property rights in the "6666" mark being used in the domain name; (b) Homestead is aware that the "6666" marks are commonly associated with 6666 Brand; (c) Homestead has no prior use or other business legitimately using the "6666gritandglory.com" domain; (d) Homestead is not using the domain or mark for bona fide noncommercial or fair use; and (e) Homestead intends to divert customers or potential customers from website domains that are associated with 6666 Brand, causing confusion with respect to whether Homestead beverages and products have any lawful association with 6666 Brand.

63. 6666 Brand is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(d), including the forfeiture of the domain "6666gritandglory.com" by Homestead.

64. 6666 Brand has no adequate remedy at law, and unless and until enjoined, Homestead will continue to wrongfully exercise and refuse to relinquish control of the "6666gritandglory.com" domain name.

65. 6666 Brand is entitled to actual or statutory damages in an amount according to proof at trial on account of Homestead's bad faith cybersquatting.

66. 6666 Brand is entitled to costs, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

## FOURTH CAUSE OF ACTION

**(Breach of Contract)**

67. 6666 Brand re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 66 as though fully set forth herein.

68. On or about April 28, 2022, 6666 Brand and Homestead entered into the License Agreement, effective May 1, 2022, pursuant to which 6666 Brand granted Homestead a license to use some of the 6666 Marks in connection with the Products in exchange for, among other consideration, guaranteed minimum royalty payments.

69. 6666 Brand performed all conditions, covenants, obligations, and promises required on its part to be performed under the License Agreement, or was excused from such performance.

70. Homestead breached or otherwise failed and refused to perform its obligations under the License Agreement by, *inter alia*:

a. Failing to pay guaranteed minimum royalties under the License Agreement;

b. Failing to meet minimum net sales thresholds under the License Agreement;

c. Failing to provide quarterly sales statements in accordance with the License Agreement;

d. Failing to cease sales of the Products following 6666 Brand's termination of the License Agreement; and

e. Failing to obtain the insurance required under the License Agreement.

71. As a direct and proximate result of Homestead's breaches of contract as alleged herein, 6666 Brand has suffered damages in an amount to be determined at trial, including but not limited to: (a) unpaid GMR; (b) damage to 6666 Brand's reputation and goodwill; and (c) lost revenue and other consequential damages.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

72. Additionally, 6666 Brand is entitled to its reasonable attorneys' fees incurred as a result of Homestead's breaches alleged herein.

**FIFTH CAUSE OF ACTION**

**(Violation Of Cal. Bus. & Prof. Code §17200)**

73. 6666 Brand re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 72 as though fully set forth herein (as well as any other Paragraphs pertinent to this cause of action).

74. Homestead's conduct as alleged herein constitutes an unlawful business practice based on its myriad infringements of 6666 Brand's 6666 Marks.

75. Homestead's conduct as alleged herein constitutes an unfair business practice based on its continued exploitation of the 6666 Marks without any authorization to do so, thereby allowing it to trade on 6666 Brand's goodwill and the potential for consumer confusion as to whether Homestead's Products are associated with 6666 Brand.

76. Homestead's conduct as alleged herein constitutes a fraudulent business practice based on the consumer confusion inherent in Homestead's continued exploitation of the 6666 Marks without any authorization for such exploitation, thereby misleading members of the public as to the source, sponsorship, or affiliation of Homestead's Products with 6666 Brand.

77. Homestead's conduct as alleged herein constitutes willful and deliberate unfair competition in wanton disregard for 6666 Brand's valuable intellectual property rights and the goodwill associated with its brand. Upon information and belief, Homestead has profited from its unlawful, unfair, and fraudulent acts.

78. Homestead's conduct has directly and proximately caused and, unless restrained, will continue to cause 6666 Brand substantial and irreparable injury, including consumer confusion, injury to its reputation, and diminution in value of its intellectual property, and unless restrained, will continue to seriously and

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

further irreparably impair the value of 6666 Brand's 6666 Marks, for which there is no adequate remedy at law.

79. In light of the foregoing, 6666 Brand is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 *et seq.* restraining Homestead from engaging in further unlawful conduct with respect to the 6666 Marks, as well as restitution of those amounts unlawfully obtained by Homestead through such unlawful conduct.

**SIXTH CAUSE OF ACTION**

**(Common Law Trademark Infringement)**

80. 6666 Brand re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 79 as though fully set forth herein (as well as any other Paragraphs pertinent to this cause of action).

81. 6666 Brand is the owner of the 6666 Marks and possesses prior and senior rights in the 6666 Marks.

82. Homestead misappropriated the 6666 Marks to promote its Products without authorization. This creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Homestead's Products with 6666 Brand. Homestead's infringement of the 6666 Marks is likely to induce consumers to believe, contrary to fact, that its Products or any associated media or advertising bearing the 6666 Marks are sponsored, endorsed, approved by, or connected with 6666 Brand.

83. Homestead's use of 6666 Brand's 6666 Marks has certainly resulted in consumer confusion.

**SEVENTH CAUSE OF ACTION**

**(Common Law Unfair Competition)**

84. 6666 Brand re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 83 as though fully set forth herein (as well as any other Paragraphs pertinent to this cause of action).

85. Homestead's conduct constitutes unfair competition under California

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

common law. Homestead's conduct alleged herein includes the misappropriation of the 6666 Marks in connection with the advertising or sale of products in commerce despite Homestead's actual awareness that it no longer possessed any right to use the 6666 Marks and that 6666 Brand possessed all rights associated with the 6666 Marks. These activities create a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Homestead and its Products with 6666 Brand. Homestead's conduct is likely to induce consumers to believe, contrary to fact, that Homestead's Products are presently sponsored, endorsed, approved by, or connected with 6666 Brand.

86. Homestead's conduct is willful, deliberate, and intended to confuse the public and is carried on by Homestead with a willful and conscious disregard of the rights of others.

87. Homestead's conduct has caused damage to 6666 Brand in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of 6666 Brand's 6666 Marks, for which there is no adequate remedy at law. Upon information and belief, Homestead has profited from this activity.

88. In light of the foregoing, 6666 Brand is entitled to injunctive relief prohibiting Homestead from using the 6666 Marks for any purpose, and to recover from Homestead all damages, including attorneys' fees, that 6666 Brand has sustained and will sustain as a result thereof, as well as the costs of this action.

## EIGHTH CAUSE OF ACTION

## (Violation Of Cal. Civ. Code § 3344)

89. 6666 Brand re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 88 as though fully set forth herein (as well as any other Paragraphs pertinent to this cause of action).

90. Homestead has knowingly used and is continuing to knowingly use Sheridan's name, image, and likeness to promote, market, advertise and sell the

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

Products for Homestead's commercial benefit without authorization or consent to do so.

91. Homestead's use of Sheridan's name, image, and likeness was directly connected to Homestead's commercial purpose because Sheridan's name, image, and likeness were and are included in advertisements, marketing and promotional materials, and press releases intended to spread awareness of Homestead's Products and entice consumers to purchase them.

92. As a proximate result of Homestead's unauthorized use of Sheridan's name, image, and likeness, 6666 Brand is entitled to injunctive relief prohibiting Homestead from using Sheridan's name, image, or likeness for any purpose, and to recover from Homestead all damages for the harm caused to Sheridan's name, image, and likeness in an amount according to proof at trial. Additionally, Homestead is liable for any profits derived from the unauthorized use of Sheridan's name, image, and likeness. Alternatively, 6666 Brand is entitled to an award of statutory damages in the maximum amount pursuant to California Civil Code Section 3344.

93. Homestead acted in conscious disregard of Sheridan's rights by exploiting Sheridan's name, image, and likeness without consent or authorization. Accordingly, Homestead's conduct as alleged herein constitutes fraud, malice, and oppression entitling 6666 Brand to punitive damages in an amount according to proof at trial pursuant to California Civil Code Section 3344.

94. 6666 Brand also seeks attorneys' fees and costs pursuant to California Civil Code Section 3344.

**<u>NINTH CAUSE OF ACTION</u>**

**(Violation Of Common Law Right Of Publicity)**

95. 6666 Brand re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 94 as though fully set forth herein (as well as any other Paragraphs pertinent to this cause of action).

96. Homestead has knowingly used and is continuing to knowingly use Sheridan's name, image, and likeness to promote, market, advertise and sell the Products for Homestead's commercial benefit without authorization or consent to do so.

97. As a proximate result of Homestead's unauthorized use of Sheridan's name, image, and likeness, 6666 Brand is entitled to injunctive relief prohibiting Homestead from using Sheridan's name, image, or likeness for any purpose, and to recover from Homestead all damages for the harm caused to Sheridan's name, image, and likeness in an amount according to proof at trial. Additionally, Homestead is liable for any profits derived from the unauthorized use of Sheridan's name, image, and likeness.

98. Homestead acted in conscious disregard of Sheridan's rights by exploiting Sheridan's name, image, and likeness without consent or authorization. Accordingly, Homestead's conduct as alleged herein constitutes fraud, malice, and oppression entitling 6666 Brand to punitive damages in an amount according to proof at trial.

## PRAYER FOR RELIEF

Plaintiff 6666 Brand, LLC prays for judgment against Defendants as follows:

1. For entry of judgment in favor of 6666 Brand against Defendants on all causes of action alleged herein;

2. For an award of actual, compensatory, and consequential damages against Defendants in an amount to be determined at trial;

3. For preliminary and permanent injunctive relief prohibiting Defendants from any further use of the 6666 Marks or any mark confusingly similar thereto as well as further use of Sheridan's name, image, and likeness;

4. For treble damages pursuant to 15 U.S.C. § 1117;

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

5. For an award of Defendants' profits derived from their activities infringing on the rights of 6666 Brand;

6. For punitive damages as appropriate based on Defendants' unlawful, unfair, and fraudulent business practices, Homestead's trademark infringement, and Homestead's violation of Sheridan's statutory and common law rights of publicity;

7. For reasonable attorneys' fees and costs of suit incurred herein;

8. For prejudgment and post-judgment interest at the maximum legal rate; and

9. For such other and further relief as this Court deems just and proper.

Dated: October 2, 2026

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Alex M. Weingarten*
Alex M. Weingarten
Amy M. Stern
Jeffrey K. Logan

*Attorneys for Plaintiff*
6666 Brand, LLC

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST
LOS ANGELES, CA 90067
310-855-3000

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a trial by jury of all issues triable of right by a jury.

Dated: October 2, 2026

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Alex M. Weingarten*
Alex M. Weingarten
Amy M. Stern
Jeffrey K. Logan

*Attorneys for Plaintiff*
6666 Brand, LLC